"SERVE"
2014CVF002930 D3

## CITATION BY CERTIFIED MAIL
## THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   ASI LLOYDS
      BY SERVING ITS REGISTERED AGENT, RODNEY D. BUCKER
      700 NORTH PEARL ST., 25TH FLOOR
      DALLAS,    TX 75201-2825

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2014CVF002930 D3 , styled:

NILZA RAMOS, PLAINTIFF
VS.
ASI LLOYDS AND JACK WAYNE FIELDER, DEFENDANTS

Said Plaintiff's Petition was filed on 12/30/2014 in said court by:
      BEN CROWELL, (ATTORNEY FOR PLAINTIFF)
      1350 NORTH LOOP 1604 E SUITE 104
      SAN ANTONIO,    TX 78232

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, this 6 day of January, 2015.

RECEIVED
JAN 0 9 2015
By TCCI

C   L   E   R   K   O   F   C   O   U   R   T

Please take notice that this case is set for Calendar Call on 3/2/2015 at 1:30 PM at the 341ST District Court, 3rd Floor, Webb County Justice Center.



ESTHER DEGOLLADO,
CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
        DIANA VELA

**EXHIBIT B**

## CLERK'S CERTIFICATE OF SERVICE

I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this 6 day of January, 2015, by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via **Certified Mail No. 7014 0510 0000 1431 3947** ADDRESSED TO: ASI LLOYDS, 700 NORTH PEARL ST 25TH FLOOR, DALLAS, TX 75201-2825, and endorsed thereon **"RETURN RECEIPT REQUESTED,"** after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially this 6 day of January, 2015.

ESTHER DEGOLLADO
CLERK OF THE DISTRICT COURTS AND
COUNTY COURT-AT-LAW
OF WEBB COUNTY, TEXAS

**ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.**

BY: _____ DEPUTY
DIANA VELA



# HONORABLE BECKIE PALOMO

## State District Court Judge

341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   <u>2014CVF002930 D3</u>

STYLE:   <u>NILZA RAMOS</u>

VS

<u>ASI LLOYDS AND JACK WAYNE FIELDER</u>

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on ___03/02/2015___,
at <u>1:30 PM</u> at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

<u>Counsel for Plaintiff(s)</u>: if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

<u>Counsel for Defendant(s)</u>: if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC:

Filed
12/30/2014 3:21:00 PM
Esther Degollado
District Clerk
Webb District
2014CVF002930D3

CAUSE NO. _____

| | | |
|---|---|---|
| NILZA RAMOS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| ASI LLOYDS AND | § | |
| JACK WAYNE FIELDER | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Nilza Ramos, hereinafter referred to as "Plaintiff," complaining of Defendants, ASI Lloyds and Jack Wayne Fielder (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Nilza Ramos, is an individual and resident of Texas.

Defendant, ASI Lloyds ("ASI"), is a Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of ASI's "members" are citizens of Texas. It can be served with citation by serving its registered

agent, Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl St., 25th Floor, Dallas, TX 75201-2825.

Defendant, Jack Wayne Fielder ("Fielder"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 16407 County Road 283, San Antonio, TX 78253, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Webb County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Webb County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Webb County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiff is the owner of insurance Policy Number TXL341436 issued by Defendant, ASI (hereinafter referred to as the "Policy").

B.     Plaintiff owned the insured property, which is specifically located at 719 Ruby Road, Laredo, Webb County, TX 78045 on June 7, 2013 (hereinafter referred to as the "Property").

C.     Defendant ASI or its agent sold the Policy, insuring the Property, to Plaintiff.

D.     On or about June 7, 2013, a wind and hailstorm struck the Laredo, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.     Plaintiff submitted a claim to ASI against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that ASI cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.     Defendants have assigned claim number 270906-144402 to Plaintiff's claim.

G.     Defendant Fielder was the agent for ASI and represented ASI in regard to Plaintiff's claim. Fielder also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Fielder acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Fielder is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Fielder acted as the agent and representative for ASI in this claim.

H.     Defendant Fielder improperly adjusted the Plaintiff's claim. Defendant Fielder conducted a substandard inspection, which is evidenced in his report, which failed to

include many of Plaintiff's damages.[1]  His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Fielder misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Fielder made these and other misrepresentations to Plaintiff as well as to ASI. Plaintiff and ASI both relied on Fielder's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance.  Fielder's misrepresentations caused ASI to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.  This has caused additional, further damage to Plaintiff's property. Fielder also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.[3]  This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Fielder's advice.  Plaintiff's Property has sustained further damages as a result.

I.    Defendants ASI and Fielder misrepresented that the damages caused by the wind and hailstorm were below the Policy deductible.[4]  However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $30,000.00, and were caused by a covered occurrence.

---

[1] *See Exhibit A: Defendant Fielder's Adjustment Report Dated 7/10/14.*
[2] *Id.*
[3] *Id.*
[4] *Id.*

J.     Defendants ASI and Fielder failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.     These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.     Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M.     Defendant ASI failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(1).

O.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060 (a)(2)(A).

P.   Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE Section 541.060(a)(4).

R.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.   Defendants' conduct constitutes violation of

the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.  Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.  Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.  From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.  As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.  Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these

types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against ASI

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, ASI has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542 Against ASI and Fielder

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would

be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

### C. DTPA Cause of Action Against ASI and Fielder

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits

that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies.  This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair

degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against ASI and Fielder**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.      Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against ASI and Fielder**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F. Cause of Action for Fraud Against ASI and Fielder**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G. Cause of Action for Conspiracy Against ASI and Fielder

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action

which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that she purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H.  Cause of Action for Aiding and Abetting Against ASI and Fielder**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing.  The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts.  The other Defendant(s) had the intent to assist the primary actor in committing the tort(s).  The other Defendant(s) gave the primary

actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2.  Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation

was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I. Cause of Action for Negligence and Gross Negligence Against Fielder

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Fielder was negligent in giving advice to Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair her Property and prevent future damage by following Fielder's advice. Plaintiff's Property has sustained further damages as a result. Fielder owed a duty to use reasonable care when he undertook to advise the Plaintiff as to how she could repair her

Property so as to prevent further damage to the Plaintiff's Property. Defendant Fielder breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Fielder.

## J. Cause of Action for Negligent Misrepresentation Against Fielder

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Fielder constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Fielder made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Fielder.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory

damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further

entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X.  EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

### XIII. REQUEST FOR DISCLOSRE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _Ben Crowell w/P BQ_
BEN CROWELL
Texas State Bar No. 24087360
bcrowell@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

Page 21 of 21

 

**July 10, 2014**

**To:**   Nilza Edith Ramos
719 Ruby Rd
Laredo, TX 78045

**RE:**
| | | | |
|---|---|---|---|
| **Claim Number:** | 270906-144402 | **Date of Loss** | 6/7/2013 |
| **Policy Number:** | TXL341436 | **Date Reported:** | 6/10/2014 |
| **Policy Form:** | HO3 | **Policy Dates:** | 7/14/12 to 7/14/13 |
| **Deductible:** | $1,820.00 | **Peril:** | Wind/hail Wind/hail |
| **Insurer:** | ASI Lloyds | | |
| **Insured:** | Nilza Edith Ramos | | |
| **Loss Address:** | 719 Ruby Rd | | |
| | Laredo, TX 78045 | | |

Dear Nilza Edith Ramos,

This letter is in response to the claim you submitted to ASI Lloyds on the above referenced policy and loss address for the peril of Wind/hail Wind/hail. We have received the inspection report from IAS, an independent adjusting firm, in regards to the reported damage to your property for this loss. Attached is the estimate prepared by the inspecting adjuster. No other damage has been reported or identified. Please notify our office immediately if our understanding of your loss is incorrect in any way.

Enclosed is your copy of the repair estimate for covered damages that ASI Lloyds determined to be less than your policy deductible of $1,820.00 . A recap of the claim is as follows:

| Coverage | | Damage |
|---|---|---|
| A-Dwelling | | 780.24 |
| **Gross Claim** | | **780.24** |
| Total Depreciation | | 0.00 |
| Recoverable | 0.00 | |
| Non-Recoverable | 0.00 | |
| Prior Payment(s) | | 0.00 |
| Policy Deductible | | (780.24) |
| **Net Payment** | | **0.00** |

P.O. Box 20089 · St. Petersburg, FL 33742
P: 866-274-5677 · F: 866-840-1905 · www.AmericanStrategic.com

The ASI group of co[...]t) by A.M. Best Co.



**EXHIBIT**
**A**

Should your contractors' assessment of the damages to your property as a result of this peril differ from the enclosed adjusters' estimate, please notify our office so we may resolve any dispute in the settlement of your claim.

We thank you for the opportunity to assist you during these difficult times.  If you have any questions, concerns or require additional clarification on any portion of the claim process, please consider ASI Lloyds as your first source and contact.

Sincerely,
Ralph Seravello

ASIU Catastrophe Claims Department
Office: (866) 274-5677     Ext 1009
Fax: (866) 840-1905
asicatsupport@asicorp.org



**IAS Claims Services**

**CatCREW**
IAS CLAIM SERVICES

1020 NE Loop 410 STE 805
San Antonio  TX. 78209

| | | | |
|---|---|---|---|
| Insured: | Ramos, Nilza Edith | Home: | (956) 251-0325 |
| Property: | 719 RUBY RD | Cellular: | (956) 334-0195 |
| | LAREDO, TX 78045 | | |
| Home: | 719 RUBY RD | | |
| | LAREDO, TX 78045 | | |
| | | | |
| Claim Rep.: | Jack Fielder | Cellular: | (210) 577-1046 |
| | | E-mail: | jfielder@iasclaims.com |
| | | | |
| Estimator: | Jack Fielder | Cellular: | (210) 577-1046 |
| | | E-mail: | jfielder@iasclaims.com |
| | | | |
| Reference: | | Business: | (866) 274-5677 |
| Company: | ASI Lloyds | | |
| Business: | 1 ASI Way | | |
| | St. Petersburg ,, FL 33702 | | |

**Claim Number:** 270906-144402-060822     **Policy Number:** TXL341436          **Type of Loss:** Wind/Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 6/11/2014 | | |
| Date of Loss: | 6/7/2013 12:00 PM | Date Received: | 6/10/2014 |
| Date Inspected: | 6/30/2014 | Date Entered: | 6/11/2014 10:34 AM |
| Date Est. Completed: | 7/6/2014 6:49 PM | | |
| | | | |
| Price List: | TXSA8X_JUL14 | | |
| | Restoration/Service/Remodel | | |
| Estimate: | RAMOS__NILZA_EDITH | | |

Dear ASI Policyholder,
The estimate attached reflects the cost to repair the known damages to your property.
Please review the estimate and note the Dwelling Summary page, which shows the total damages, including sales tax and your deductible.
If a general contractor is making the repairs, you should provide the contractor with a copy of the estimate.
Without prior authorization, no supplement or other payments will be issued for any repairs not listed in the estimate. Approval must be given by ASI prior to the replacement or repair of any additional items. ASI also must have the opportunity to view the additional damages or proposed changes prior to the initiation of further work.
We will make every effort to work with you and/or your contractor to resolve any issues that may arise.
Please note that if there is a mortgage holder included on the policy, by law the mortgage holder must be included on the payment. You must contact the mortgagee to secure endorsement of the check.
Sincerely,
ASI Claims Department
P.O. Box 20089
St. Petersburg, Florida 33742
Toll Free: 866-274-5677 Fax: 866-274-3299



**IAS Claims Services**

1020 NE Loop 410 STE 805
San Antonio TX. 78209

## RAMOS__NILZA_EDITH

Source - Eagle View

Source - Eagle View



**Roof**

| | |
|---|---|
| 2811.98  Surface Area | 28.12  Number of Squares |
| 268.80  Total Perimeter Length | 72.33  Total Ridge Length |
| 123.20  Total Hip Length | |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | 2.00 SQ | 32.69 | 0.00 | 65.38 | (0.00) | 65.38 |
| 2. Roofing felt - 30 lb. | 2.00 SQ | 25.98 | 1.64 | 53.60 | (0.00) | 53.60 |
| 3. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 2.33 SQ | 142.72 | 13.64 | 346.18 | (0.00) | 346.18 |
| "Ridge and starter course are included in the waste factor in this estimate" — No depreciation as this is a repair. | | | | | | |
| 4. Roofer - per hour | 2.00 HR | 82.97 | 0.00 | 165.94 | (0.00) | 165.94 |
| **Totals: Roof** | | | **15.28** | **631.10** | **0.00** | **631.10** |
| **Total: Source - Eagle View** | | | **15.28** | **631.10** | **0.00** | **631.10** |
| **Total: Source - Eagle View** | | | **15.28** | **631.10** | **0.00** | **631.10** |

**Left Elevation**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 5. Comb and straighten a/c condenser fins - with trip charge | 1.00 EA | 149.14 | 0.00 | 149.14 | (0.00) | 149.14 |
| **Totals: Left Elevation** | | | **0.00** | **149.14** | **0.00** | **149.14** |
| **Line Item Totals: RAMOS__NILZA_EDITH** | | | **15.28** | **780.24** | **0.00** | **780.24** |



**IAS Claims Services**

**CaT CREW**
IAS CLAIMS SERVICES
1020 NE Loop 410 STE 805
San Antonio TX. 78209

### Grand Total Areas:

| | | | | | |
|---|---|---|---|---|---|
| 0.00 | SF Walls | 0.00 | SF Ceiling | 0.00 | SF Walls and Ceiling |
| 0.00 | SF Floor | 0.00 | SY Flooring | 0.00 | LF Floor Perimeter |
| 0.00 | SF Long Wall | 0.00 | SF Short Wall | 0.00 | LF Ceil. Perimeter |
| 0.00 | Floor Area | 0.00 | Total Area | 0.00 | Interior Wall Area |
| 440.13 | Exterior Wall Area | 0.00 | Exterior Perimeter of Walls | | |
| 2,811.98 | Surface Area | 28.12 | Number of Squares | 537.60 | Total Perimeter Length |
| 72.33 | Total Ridge Length | 123.20 | Total Hip Length | | |



**IAS Claims Services**

1020 NE Loop 410 STE 805
San Antonio TX, 78209

## Summary for Dwelling

| | | |
|---|---|---|
| Line Item Total | | 764.96 |
| Material Sales Tax | | 15.28 |
| **Replacement Cost Value** | | **$780.24** |
| Less Deductible | [Full Deductible = 1,820.00] | (780.24) |
| **Net Claim** | | **$0.00** |

Jack Fielder

**ESTHER DEGOLLADO**
CLERK OF THE DISTRICT COURTS
P.O. BOX 667
LAREDO, WEBB CO., TEXAS 78042-0667



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78040  $ 008.03⁰
02 1W
0001364335 JAN 06 2015

7014 0510 0000 1431 3947



RECEIVED
JAN 0 9 2015
By TCCI

ASI LLOYDS
BY SERVING RODNEY D. BUCKER
700 NORTH PEARL ST., 25TH FLOOR
DALLAS, TX 75201-2825

Filed
1/30/2015 3:24:03 PM
Esther Degollado
District Clerk
Webb District
2014CVF002930D3

## CAUSE NO. 2014CVF002930 D3

| | | |
|---|---|---|
| NILZA RAMOS, | § | IN THE DISTRICT COURT |
|     *Plaintiff,* | § | |
| | § | |
| vs. | § | 341ST JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS AND JACK WAYNE | § | |
| FIELDER, | § | |
|     *Defendants.* | § | WEBB COUNTY, TEXAS |

## DEFENDANT ASI LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendant ASI LLOYDS and JACK WAYNE FIELDER and file this, their Original Answer, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### APPRAISAL

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal. When Defendant ASI Lloyds is better able to determine Plaintiff's contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

### III.
### DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable

fees thereon.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and

hearing hereof, Plaintiff recovers nothing from Defendants, and Defendants go hence without

delay and recover costs of court and other such further relief, both general and special, to which

Defendants may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 30th day of January, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Ben Crowell
SPEIGHTS & WORRICH
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232


_/s/ Jay Scott Simon_
Jay Scott Simon

2149130v1
04098.001